IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NAVAJO HEALTH FOUNDATION d/b/a
SAGE MEMORIAL HOSPITAL,
Highway 264 & US 191
Ganado, Arizona 86505

      Plaintiff,

v.                             Civil Action No. _____

THE HONORABLE MIKE LEAVITT, in his
capacity as Secretary for Health and
Human Services, the DEPARTMENT OF
HEALTH AND HUMAN SERVICES, and
THE UNITED STATES OF AMERICA,

      Defendants.

# COMPLAINT FOR DECLARATORY AND MANDAMUS RELIEF

## I. INTRODUCTION

1. This is an action by the Navajo Health Foundation against the U.S. Secretary of Health and Human Services to challenge the partial declination of a contract under the terms of the Indian Self-Determination Act (P.L. 93-638 as amended).

## II. PARTIES

2. NAVAJO HEALTH FOUNDATION d/b/a SAGE MEMORIAL HOSPITAL is a non-profit corporation organized under the laws of the State of Arizona and the Navajo Nation and is a tribal organization within the meaning of Section 4 of P.L. 93-638 [i.e. 25 U.S.C.A. § 450b(l)].

The Navajo Health Foundation operates a critical access hospital

d/b/a Sage Memorial Hospital, located at Ganado, Arizona, and providing medical care in the central region of the Navajo Reservation.

3. THE HONORABLE MIKE LEAVITT is, the Secretary for Health and Human Services. TOMMY G. THOMPSON was the former Secretary for Health and Human Services prior to Mr. Leavitt. Mr. Leavitt is direct successor of Mr. Thompson as Secretary for Health and Human Services. At all relevant times herein referenced Mr. Leavitt or Mr. Thompson was the Secretary for Health and Human Services.

4. The DEPARTMENT OF HEALTH AND HUMAN SERVICES (DHHS) is a principal agency of the UNITED STATES OF AMERICA, which includes within its subordinate agencies the Indian Health Service.

5. THE UNITED STATES OF AMERICA is the United States of America.

### III. JURISDICTION

6. The Court has jurisdiction over the subject matter of this complaint under the terms of 25 USC 450m-1(a) (Indian Self-Determination Act Contract Claim) and 28 USC Sec. 450f (Federal Question). The action arises under the terms of the Indian Self-Determination Act (25 USC 450 et. seq.) (hereinafter referred to as "ISDEA").

7. Venue of this matter is within this District because the Defendant's principal place of business is located in Washington D.C.

## IV. FACTUAL BACKGROUND

8. The ISDEA was enacted in 1975 to transfer control and operation to Federally recognized tribes and tribal organizations of programs, functions services and activities (PFSA's) formerly provided by various agencies of the United States for the benefit of Indian people on account of their status as Indians.

9. DHHS, through the Indian Health Services (IHS), provides health services for the benefit of Indian people on account of their status as Indians and in fulfillment of certain treaty and statutory obligations.

10. Prior to all times applicable and relevant to the present factual allegations, the Federal defendants provided such services to Navajo tribal members and other Native American people residing on or near the Navajo Reservation within the States of Arizona, New Mexico, Utah and Colorado, by and through the Navajo Area of the Indian Health Services (NAIHS), a subordinate agency of the U.S. Department of Health and Human Services.

11. In turn, the NAIHS is organized into various Service Units, including the Fort Defiance Service Unit.

12. Prior to October 1, 2004, the Navajo Health Foundation contracted for the operation of various health services within a portion of the Fort Defiance Service Unit of the NAIHS under a federal procurement contract (i.e. IHS Contract No. 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), which was authorized by laws other than the Indian Self-Determination Act.

13. During the month of July, 2003, the Navajo Health Foundation gave notice to the Area Director for NAIHS of its intent to contract for those programs, functions, services and activities (i.e. PFSA's) previously contracted under Contract No. 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 under the terms of the Indian Self-Determination Act with a start up date of Oct 1, 2003 or such other agreed upon date within the FY 04 Fiscal Year.

14. On or about October 22, 2003, the Navajo Nation Council, the governing body of the Navajo Nation, designated the Navajo Health Foundation as a "tribal entity" and authorized the Navajo Health Foundation to enter into such ISDEA contract with the NAIHS.

15. Thereafter, the Navajo Health Foundation submitted to NAIHS a proposal to contract under the terms of the ISDEA for all PFSA's and funds previously provided through Contract No. 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, together with all associated area and headquarter tribal shares, contract support costs and other benefits associated with such contracted PFSA's.

16. After initial negotiations, it was agreed by the parties that ISDEA contact start-up should be delayed until FY 2005 to allow NAIHS and the Federal Defendants to secure adequate contract support costs for such contract and to align certain funds within the IHS appropriations and budget system to more easily accommodate the ISDEA contract, which was principally for the ease and convenience of the NAIHS.

17. Subsequently, but prior to September 30, 2004, the Navajo Health Foundation and NAIHS and other representatives of the federal defendants, undertook negotiations of the proposed contract.

18. On September 30, 2004, prior to the FY 2005 federal fiscal year and prior to the adoption of the FY 2005 appropriations funding the Indian Health Service, the Federal defendants, by and through the NAIHS, partially awarded the requested ISDEA contract for certain health services.

19. Such contract was to be effective October 1, 2004 and operate through the 2005 federal fiscal year.

20. On or about the same time, NAIHS extended Contract No. 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 for the balance of the requested services and amounts, and continuing such contract as a non-ISDEA contract, thereby withholding from the Navajo Health Foundation such benefits conferred under the ISDEA relative to such non-ISDEA contracted services.

21. On or about October 20, 2004, Mr. John Hubbard, NAIHS Area Director issued a letter to the Navajo Health Foundation partially declining to enter into the balance of services and funding retained within Contract No. 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.

22. In entering into the contract, the Navaho Health Foundation and the NAIHS agreed to disagree respecting various legal interpretations of the ISDEA, noting on-going litigation over some of the disputed matters which culminated in *Cherokee Nation and Shoshone-Pauite Tribes v Leavitt,* 125 S.Ct. 1172 (2005).

23. Continuing to the present time, the Navajo Health Foundation has continued to operate its partial ISDEA contract.

24. On or about May 23, 2006, the NAIHS and Navajo Health Foundation entered into a memorandum of agreement respecting the planned expansion of the Navajo Health Foundation ISDEA contract to include all PFSA's performed by the NAIHS, and NAIHS agreeing to seek a re-programming request to shift previously declined PFSA's to Direct service functions eligible for contracting by Navajo Health Foundation.

25. On July 26 and 27, 2006, the Navajo Health Foundation and NAIHS entered into negotiations respecting the FY 2007 ISDEA contract.

26. During the course of these negotiations, Navajo Health Foundation indicated that it was seeking a self-determination contract to cover all services Sage currently provides, to address perceived funding inequities/deficiencies, and to expand the amount of funding tit would received to perform these services, in addition to transforming its procurement contact with the NAIHS into a self-determination contract.

27. At these negotiations, NAIHS refused to negotiate contracting of expanded PFSA's as provided by the May MOA, and demanded that Navajo Health Foundation submit a new proposal for an expanded contract.

28. In response, the parties agreed to disagree as to whether Navajo Health Foundation had initiated a request to contract expanded PFSA's, but would re-submit its 2003 contract application for action by NAIHS.

29. On or about August 29, 2006, the Navajo Health Foundation submitted, and on or about September 6, 2006, NAIHS received a proposal for an expanded contract including all PFSA's operated by NAIHS.

30. On or about September 29, 2006, NAIHS approved the FY 2007 AFA, excluding certain PFSA's, without a letter of declination respecting the exclusion of the expanded PFSA's.

31. The Secretary failed to honor the terms of the May MOA by refusing to submit a reprogramming request to transfer contract health PFSA's to direct service PFSA's as required under the May MOA.

32. On or about December 5, 2006, the NAIHS issued a letter to Navajo Health Foundation declining to enter into an expanded contract.

33. Prior to the declination, Navajo Health Foundation requested technical assistance to remedy alleged defects in the Navajo Health Foundation expanded contract proposal.

34. NAIHS declined to provide the requested technical assistance to remedy alleged defects in the Navajo Health Foundation expanded contract proposal.

## V. FIRST CAUSE OF ACTION: FAILURE TO CONTACT ALL PROPOSED PFSA'S

35. The allegations contained in the above paragraphs are incorporated by reference herein.

36. Section 102(a) of the ISDEA [i.e. , 25 USCA § 450f(a)] requires the DHHS Secretary to contract all PFSA's operated by the Secretary for the benefit of Indians on account of their status as Indians, which are proposed to be contracted by a duly authorized tribal organization unless declined pursuant to the terms and conditions contained in §450f.

37. The Secretary declined to contract to Navajo Health Foundation properly requested PFSA's.

38. Such declination did not comply with the terms and conditions of the ISDEA and was therefore unlawful.

39. The Secretary's approval of the 2007 AFA without issuing notices of declination approved the expanded contract by operation of law.

## VI. SECOND CAUSE OF ACTION:
## FAILURE TO FUND PROPER §106(A) AMOUNT

40. The allegations contained in the above paragraphs are incorporated by reference herein.

41. Section 106(a) of the ISDEA [i.e., 25 USCA § 450j-1(a)] requires that the DHHS Secretary shall provide funds for the operation of contracted PFSA's under the ISDEA in amounts not less than the Secretary would have otherwise provided for the operation of the programs or portions thereof for the period covered by the contract.

42. NAIHS considered the total amount of Sec 106(a) funding available to Navajo Health Foundation to be $8.9 million, namely $6.3 million in reprogrammed funds plus $2.6 million in direct services funds available.

43. The contract entered into by the Secretary with the Navajo Health Foundation under the terms of the ISDEA is in an amount less than the Secretary would have otherwise provided for the operation of the programs or portions properly contracted.

44. The Secretary is withholding the proper amounts of funding required by the ISDEA.

45. Such declinations and withholding of funds does not comply with the terms and conditions of the ISDEA and was therefore unlawful.

## VII.  THIRD CAUSE OF ACTION:
## FAILURE TO FULLY FUND TRIBAL AND HEADQUARTER SHARES

46. The allegations contained in the above paragraphs are incorporated by reference herein.

47. Sections 102(a) and 106(a) of the ISDEA [i.e. , 25 USCA §§ 450f(a) & 450j-1(a)] requires the DHHS Secretary contract PFSA's, including administrative functions of the DHHS without regard to the organizational level within the Department that carries out such functions.

48. Such contracted PFSA's would include shares of the Area and Headquarters of the IHS.

49. By the above referenced lettes, the Secretary declined to include Area and Headquarter shares.

50. Such declination did not comply with the terms and conditions of the ISDEA and was therefore unlawful.

## VIII. FOURTH CAUSE OF ACTION: FAILURE TO PROVIDE TECHNICAL ASSISTANCE AND BREACH OF TRUST

51. The allegations contained in the above paragraphs are incorporated by reference herein.

52. The NAIHS identified that $6.3 million of funds available to the Secretary to operate programs at Sage Memorial Hospital were subject to a contract health care earmark and unavailable to contract.

53. The Secretary has identified the existing contract health care earmark contained in the IHS appropriation act for contract health care as an obstacle to contracting.

54. The Secretary and the Navajo Health Foundation agreed to disagree that the earmark presented an obstacle to contracting.

55. The Secretary and Navajo Health Foundation entered into a memorandum of agreement that provided that the Secretary would initiate a re-programming request to reduce the contract health care funding earmark by $6.3 million having the effect of removing any earmark restrictions that may have existed.

56. The Secretary failed to initiate the agreed upon re-programming request.

57. The Secretary's failure to submit reprogramming requests violates the terms of the May MOA.

58. The Indian Self-Determination Act authorizes tribal organizations to re-budget funds received under an ISDEA contract.

59. Navajo Health Foundation proposed contracting the $6.3 million as contract health funding and exercising its rights to re-budget such funds into other categories.

60. The NAIHS incorrectly determined that this option was not available to Navajo Health Foundation to overcome identified obstacles to contracting.

61. The Administration's FY 2005 through the current fiscal year proposed IHS budget did not include a sufficient amount of contract support costs for new and expanded ISDEA contracts to fund the Navajo Health Foundation contract under allocation principles contained in IHS Circular 2001-05.

62. The Navajo Health Foundation requested that the Secretary advise Congress of the need to include such sufficient amount of contract support costs to properly fund such contract.

63. The Secretary declined this request.

64. The ISDEA requires the Secretary to provide technical assistance to overcome obstacles to ISDEA contracting by a tribal organization.

65. The insufficiency of contract support costs is a obstacle to such contracting.

66. The Secretary's above referenced actions of the Secretary violate the Secretary's obligation to provide technical assistance under the ISDEA.

67. The above referenced actions of the Secretary are a breach of the trust duty owed by the Secretary to Native American people an the Navajo Nation and its tribal organizations under the ISDEA.

### IX.  FIFTH CAUSE OF ACTION: VIOLATION OF 25 USC §1680 AND BREACH OF TRUST

68. The allegations contained in the above paragraphs are incorporated by reference herein.

69.  The Indian Health Care Improvement Act (25 USC §1680) requires that the determination of the 106(a) amount referenced above is equal to the amount that would be allocated to contracted direct service and contract health services PFSA's using the NAIHS allocation formulae for direct service hospital and clinic facilities operated by NAIHS  and applied to the FY 2005 allocations by NAIHS.

70. In determining the §106(a) amount to be awarded by the NAIHS to Navajo Health Foundation, the NAIHS employed a methodology which provided differing levels of funding based upon whether the operated facilities were direct or contracted facilities in violation of 5 USC §1680.

71. The above referenced actions of the Secretary violate the Secretary's obligation under the Indian Health Care Improvement Act.

72. The above referenced actions of the Secretary are a breach of the trust duty owed by the Secretary to Native American people an the Navajo Nation and its tribal organizations under the Indian Health Care Improvement Act.

## X.  REQUEST FOR RELIEF

**WHEREFORE,** the Plaintiff prays for declaratory and mandamus relief and an order of the Court:

1) Declaring the partial declination of the expanded contract unlawful,

2) Directing the Secretary to modify the ISDEA contract with the Navajo Health Foundation to include all requested PFSA's, including all PFSA's contained within the Contract No. 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 and such other improperly declined PFSA's retroactive to the FY 2004 ISDEA contact through the current year contract,

3) Directing the Secretary to employ a methodology for allocating funding within the NAIHS that does not discriminate between facilities directly operated by NAIHS and contracted facilities, and to make adjustments to the §106(a) amounts under the Navajo Health Foundation's ISDEA contracts retroactive to the FY 2004 ISDEA contact through the current year contract,

4) Directing the Secretary to modify the ISDEA contract with the Navajo Health Foundation to include within that contract's §106(a) amount all

    residual amounts contained within Contract No. 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, and such other funding available to the Secretary to fund contracted PFSA's retroactive to the FY 2004 ISDEA contact through the current year contract,

5) Directing the Secretary to modify the ISDEA contract with the Navajo Health Foundation to fully fund Area and Headquarter shares improperly declined retroactive to the FY 2004 ISDEA contact through the current year contract,

6) Directing the Secretary to advise Congress with respect to the amount of contract support costs necessary for new and expanded ISDEA contracts for the FY 20005 fiscal year under allocation principles contained in IHS Circular 2001-05,

7) Pay damages to the Navajo Health Foundation in an amount equal to improperly declined funds retroactive to the FY 2004 ISDEA contact through the current year contract.

8) Pay Navajo Health Foundation attorney fees and costs to the maximum amount allowed by law, and

9) Such other relief as may be appropriate.

Respectfully submitted, this 19TH day of January 2007.

>MICHAEL J. WALLERI
>LAW OFFICES OF MICHAEL J. WALLERI
>330 Wendell Street, Suite E
>Fairbanks, AK 99701
>(907) 452-4716
>
>LAW OFFICES OF JOEL D. JOSEPH
>
>By _____/s/_____
>
>JOEL D. JOSEPH
>Bar No. 183830
>7272 Wisconsin Avenue, Suite 300
>Bethesda, MD 20814
>(301) 941-1989
>
>Attorneys for Plaintiff

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

07-151 RWR

## I (a) PLAINTIFFS

Navajo Health Foundation

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **88888**
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

Mike Leavitt, US Secretary DHHS, ET AL

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION OF THE

CASE NUMBER 1:07CV00151

JUDGE: Richard W. Roberts

DECK TYPE: General Civil

DATE STAMP: 01/22/2007

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Joel Joseph
7272 Wisconsin Avenue, Suite 300
Bethesda, MD 20814

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZEN FOR PLAINTIFF

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

☐ **A. Antitrust**
☐ 410 Antitrust

☐ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ **C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

☐ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

☒ **E. General Civil (Other)** OR ☐ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(4)

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Indian Self-Determination Act 25 USC 450 et seq.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   **DEMAND $**   Check YES only if demanded in complaint   **JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES ☒ NO   If yes, please complete related case form.

DATE 1-19-07   SIGNATURE OF ATTORNEY OF RECORD [signature]

22

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.