## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NAVAJO HEALTH FOUNDATION )<br>d/b/a SAGE MEMORIAL HOSPITAL, )<br> )<br>Plaintiff, )<br>v. )<br> )<br>MICHAEL O. LEAVITT, )<br>Secretary, United States Department of )<br>Health and Human Services,  and )<br>THE UNITED STATES OF AMERICA, )<br> )<br>Defendants. )<br>_____) | Civ. Action No. 1:07-00151 (RWR)<br>ECF |

### ANSWER

Defendants Michael O. Leavitt, Secretary, United States Department of Health and Human Services, and the United States of America, by and through undersigned counsel, submit the following Answer to Plaintiff's Complaint, filed on or about January 19, 2007 (hereinafter "Complaint"), as follows:

### FIRST DEFENSE

The Court lacks subject matter jurisdiction over some of Plaintiff's claims.

### SECOND DEFENSE

Plaintiff has failed to exhaust its administrative remedies.

### THIRD DEFENSE

To the extent that Plaintiff lacks standing with respect to any claim, that claim should be dismissed.

1

**FOURTH DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.  In answer to the individually numbered paragraphs of the Complaint, Defendants state as follows:

**I.  INTRODUCTION**

1.       The averments of paragraph one of the Complaint contain Plaintiff's characterization of this action to which no response is required, but to the extent a response is required, they are denied and the Court is respectfully referred to the Indian Self-Determination and Education Assistance Act ("ISDEAA"), 25 U.S.C. §§ 450 et seq., for an accurate and complete statement of its contents.

**II.  PARTIES**

2.       Defendants admit the averments in paragraph two of the Complaint only to the extent that  the Navajo Health Foundation operates a hospital, d/b/a Sage Memorial Hospital, located in Ganado, Arizona, which provides medical care on the Navajo reservation.  Defendants are without sufficient knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph two.

3.       The averments of paragraph three of the Complaint appear to be a statement of succession to which no response is required.  To the extent a response is required, Defendants admit that Michael O. Leavitt is the Secretary of the Department of Health and Human Services ("DHHS") and that Tommy G. Thompson was the former Secretary of DHHS.  The remaining averments of paragraph three are denied.

4.       With regard to paragraph four of the Complaint, Defendants admit that DHHS is

2

an agency of the United States of America and that the Indian Health Service ("IHS") is an agency within DHHS except deny that DHHS is a "principal" agency of the United States of America.

     5.     Defendants admit the averments of paragraph five of the Complaint.

## III. JURISDICTION

     6.     The averments of paragraph six of the Complaint constitute conclusions of law as to which no response is required but to the extent a response is required, they are denied and the Court is respectfully referred to the ISDEAA, and to 25 U.S.C. §§ 450f  for an accurate and complete statement of their contents.

     7.     The averments of paragraph seven of the Complaint constitute conclusions of law as to which no response is required but to the extent a response is required, they are denied.

## IV. FACTUAL BACKGROUND

     8.     With regard to paragraph eight of the Complaint, Defendants admit that the ISDEAA was enacted in 1975.  The remaining averments of paragraph eight of the Complaint constitute conclusions of law as to which no response is required but to the extent a response is required, they are denied and the Court is respectfully referred to the ISDEAA, 25 U.S.C. §§ 450 et seq., for an accurate and complete statement of its contents.

     9.     Defendants admit the averments of paragraph nine of the Complaint.

     10.     Defendants deny the averments of paragraph ten of the Complaint.

     11.     Defendants admit the averments of paragraph eleven of the Complaint.

12.     Defendants admit the averments of paragraph twelve of the Complaint to the extent that they are supported by the cited contract, which is the best evidence of its contents. The remaining averments of paragraph twelve are denied.

13.     Defendants admit the averments of paragraph thirteen of the Complaint.

14.     With regard to paragraph fourteen of the Complaint, Defendants admit that on or about October 22, 2003, the Navajo Nation Council authorized the Navajo Health Foundation to enter into an ISDEAA contract with the NAIHS.   The remaining averments of paragraph fourteen of the Complaint are denied.

15.     Defendants admit the averments of paragraph fifteen of the Complaint.

16.     With regard to paragraph sixteen of the Complaint, Defendants admit that Plaintiff and NAIHS agreed that ISDEAA contract start-up should be delayed until FY 2005. The remaining averments of paragraph sixteen of the Complaint are denied.

17.     Defendants admit the averments of paragraph seventeen of the Complaint.

18.     With regard to paragraph eighteen of the Complaint, Defendants admit that on September 30, 2004, prior to the FY 2005 federal fiscal year, Defendants, by and through the NAIHS, awarded an ISDEAA contract to Plaintiff for certain health services.  The remaining averments of  paragraph eighteen of the Complaint are denied.

19.     With regard to paragraph nineteen of the Complaint, Defendants admit that the cited contract was effective October 1, 2004.   The remaining averments of  paragraph nineteen of the Complaint are denied.

20.     With regard to paragraph twenty of the Complaint, Defendants admit that on or

about October 1, 2004, NAIHS extended Contract No. 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.  The remaining averments

of  paragraph twenty of the Complaint are denied.

21.    With regard to paragraph twenty-one of the Complaint, Defendants admit that on

or about October 20, 2004, Mr. John Hubbard, NAIHS Area Director issued a letter to Plaintiff,

and the Court is respectfully referred to this letter for an accurate and complete statement of its

contents.  The remaining averments of  paragraph twenty-one of the Complaint are denied.

22.    Defendants deny the averments of paragraph twenty-two of the Complaint.

23.    With regard to paragraph twenty-three of the Complaint, Defendants admit that

Plaintiff has continuously operated an ISDEAA contract from October 1, 2004 to the present

except deny that Plaintiff has operated a "partial" ISDEAA contract from October 1, 2004 to the

present.

24.    Defendants deny the averments of paragraph twenty-four of the Complaint.

25.    With regard to paragraph twenty-five of the Complaint, Defendants admit that on

July 26, and 27, 2006,  they entered into negotiations respecting the FY 2007 annual funding

agreement.  The remaining averments of paragraph twenty-five of the Complaint are denied.

26.    Defendants deny the averments of paragraph twenty-six of the Complaint.

27.    Defendants deny the averments of paragraph twenty-seven of the Complaint.

28.    Defendants deny the averments of paragraph twenty-eight of the Complaint.

29.    With regard to paragraph twenty-nine of the Complaint, Defendants admit that on

September 6, 2006, NAIHS received a proposal for an expanded contract.  Defendants are

without sufficient knowledge or information sufficient to form a belief as to the truth of the

remaining averments in paragraph twenty-nine of the Complaint.

    30.    Defendants deny the averments of paragraph thirty of the Complaint.

    31.    Defendants deny the averments of paragraph thirty-one of the Complaint.

    32.    Defendants admit the averments of paragraph thirty-two of the Complaint.

    33.    Defendants admit the averments of paragraph thirty-three of the Complaint.

    34.    Defendants deny the averments of paragraph thirty-four of the Complaint.

## V.  FIRST CAUSE OF ACTION:
## FAILURE TO CONTRACT ALL PROPOSED PFSA'S

    35.    Defendants incorporate and restate their responses to paragraphs one through thirty-four of the Complaint.

    36.    The averments of paragraph thirty-six of the Complaint constitute conclusions of law as to which no response is required but to the extent a response is required, they are denied and the Court is respectfully referred to the ISDEAA, and to 25 U.S.C. §§ 450f(a)  for an accurate and complete statement of their contents.

    37.    Defendants deny the averments of paragraph thirty-seven of the Complaint.

    38.    Defendants deny the averments of paragraph thirty-eight of the Complaint.

    39.    Defendants deny the averments of paragraph thirty-nine of the Complaint.

## VI.  SECOND CAUSE OF ACTION:
## FAILURE TO FUND PROPER § 106(a) AMOUNT

    40.    Defendants incorporate and restate their responses to paragraphs one through thirty-nine of the Complaint.

    41.    The averments of paragraph forty-one of the Complaint constitute conclusions of

law as to which no response is required but to the extent a response is required, they are denied

and the Court is respectfully referred to the ISDEAA, and to 25 U.S.C. §§ 450j-1(a)  for an

accurate and complete statement of their contents.

42.     Defendants deny the averments of paragraph forty-two of the Complaint.

43.     Defendants deny the averments of paragraph forty-three of the Complaint.

44.     Defendants deny the averments of paragraph forty-four of the Complaint.

45.     Defendants deny the averments of paragraph forty-five of the Complaint.

## VII.  THIRD CAUSE OF ACTION:
## FAILURE TO FULLY FUND TRIBAL AND HEADQUARTERS SHARES

46.     Defendants incorporate and restate their responses to paragraphs one through

forty-five of the Complaint.

47.     The averments of paragraph forty-seven of the Complaint constitute conclusions

of law as to which no response is required but to the extent a response is required, they are

denied and the Court is respectfully referred to the ISDEAA, and to 25 U.S.C. §§ 450j-1(a)  for

an accurate and complete statement of their contents.

48.     Defendants deny the averments of paragraph forty-eight  of the Complaint.

49.     Defendants deny the averments of paragraph forty-nine of the Complaint.

50.     Defendants deny the averments of paragraph fifty of the Complaint.

## VIII.  FOURTH CAUSE OF ACTION:
## FAILURE TO PROVIDE TECHNICAL ASSISTANCE AND BREACH OF TRUST

51.     Defendants incorporate and restate their responses to paragraphs one through fifty

of the Complaint.

52.    Defendants deny the averments of paragraph fifty-two of the Complaint.

53.    Defendants deny the averments of paragraph fifty-three of the Complaint.

54.    Defendants deny the averments of paragraph fifty-four of the Complaint.

55.    Defendants deny the averments of paragraph fifty-five of the Complaint.

56.    Defendants deny the averments of paragraph fifty-six of the Complaint.

57.    Defendants deny the averments of paragraph fifty-seven of the Complaint.

58.    The averments of paragraph fifty-eight of the Complaint constitute conclusions of law as to which no response is required but to the extent a response is required, they are denied and the Court is respectfully referred to the ISDEAA,  25 U.S.C. §§ 450 et seq.  for an accurate and complete statement of its contents.

59.    Defendants deny the averments of paragraph fifty-nine of the Complaint.

60.    Defendants deny the averments of paragraph sixty of the Complaint.

61.    The averments of paragraph sixty-one of the Complaint constitute conclusions of law as to which no response is required but to the extent a response is required, they are denied and the Court is respectfully referred to IHS Circular 2001-05 for an accurate and complete statement of its contents.

62.    Defendants are without sufficient knowledge or information sufficient to form a belief as to the truth of the averments in paragraph sixty-two of the Complaint.

63.    Defendants are without sufficient knowledge or information sufficient to form a belief as to the truth of the averments in paragraph sixty-three of the Complaint.

64.     The averments of paragraph sixty-four of the Complaint constitute conclusions of law as to which no response is required but to the extent a response is required, they are denied and the Court is respectfully referred to the ISDEAA,  25 U.S.C. §§ 450 et seq.  for an accurate and complete statement of its contents.

65.     Defendants deny the averments of paragraph sixty-five of the Complaint.

66.     Defendants deny the averments of paragraph sixty-six of the Complaint.

67.     Defendants deny the averments of paragraph sixty-seven of the Complaint.

## IX.  FIFTH CAUSE OF ACTION:
## VIOLATION OF 25 USC § 1680 AND BREACH OF TRUST

68.     Defendants incorporate and restate their responses to paragraphs one through sixty-seven of the Complaint.

69.     The averments of paragraph sixty-nine of the Complaint constitute conclusions of law as to which no response is required but to the extent a response is required, they are denied and the Court is respectfully referred to the Indian Health Care Improvement Act ("IHCIA"),  25 U.S.C. §§ 1601  et seq.  for an accurate and complete statement of its contents.

70.     The averments of paragraph seventy of the Complaint constitute conclusions of law as to which no response is required but to the extent a response is required, they are denied and the Court is respectfully referred to the Indian Health Care Improvement Act ("IHCIA"),  25 U.S.C. §§ 1601  et seq.  for an accurate and complete statement of its contents.

71.     Defendants deny the averments of paragraph seventy-one of the Complaint.

72.     Defendants deny the averments of paragraph seventy-two of the Complaint.

The remainder of the Complaint sets forth Plaintiff's prayer for relief to which no response is required, but insofar as a response is deemed required, Defendants deny that Plaintiff is entitled to the relief requested.

Defendants hereby deny all allegations of fact in the Complaint that are not expressly admitted above.

Wherefore, having fully answered, Defendants respectfully request that the Court enter judgment dismissing the Complaint with prejudice, and granting such further relief as may be appropriate.

Dated this 30th  day of April, 2007.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

SHEILA M.  LIEBER
Deputy Branch Director
Civil Division

  s/ William B. Jaffe (Electronic Filing)
WILLIAM B. JAFFE
Trial Attorney


United States Department of Justice
Civil Division, Federal Programs Branch
Mailing Address
P.O. Box 883
Washington, DC  20044
Delivery Address
20 Massachusetts Avenue, NW, Room 6109
Washington, DC  20530
(202) 353-7633
Fax: (202) 616-8460
Email: william.jaffe@usdoj.gov

Attorneys for Defendants

OF COUNSEL:
Michael Shachat
Assistant Regional Counsel
Office of General Counsel, Region IX
Therese M. Hickey
Assistant Regional Counsel
Office of General Counsel, Region IX
Department of Health and Human Services
90 7th St., Suite 4-500
San Francisco, CA 94103-6705

415-437-8181

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2007 I sent, via electronic mail, a copy of Defendants'

Answer, addressed to:

JOEL D. JOSEPH                            MICHAEL J. WALLERI
Law Offices of Joel D. Joseph             Law Offices of Michael J. Walleri
Bar No. 183830                            330 Wendell Street, Suite E
7272 Wisconsin Avenue, Suite 300          Fairbanks, AK 99701
Bethesda, MD 20814                        907-452-4716
301-941-1989                              walleri@gci.net
joeljoseph@gmail.com


April 30, 2007

                                    /s/William B. Jaffe
                                    WILLIAM B. JAFFE